**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXANDER GOLDMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE OWL CAPITAL INC., DOUGLAS I. OSTROVER, MARC S. LIPSCHULTZ, and ALAN KIRSHENBAUM,<br><br>Defendants. | Case No.  1:25-cv-10047-JPC-OTW |

**NOTICE OF MOTION OF THE NOVA SCOTIA PUBLIC SERVICE SUPERANNUATION PLAN AND THE NOVA SCOTIA TEACHERS' PENSION PLAN FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**

**TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that the Nova Scotia Public Service Superannuation Plan ("PSSP") and the Nova Scotia Teachers' Pension Plan ("TPP" and, together with PSSP, the "Nova Scotia Plans"), by and through their counsel, will and do hereby move this Court, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) appointing the Nova Scotia Plans as Lead Plaintiffs on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Blue Owl Capital Inc. securities between February 6, 2025 and November 16, 2025, inclusive; and (2) approving the Nova Scotia Plans' selection of Pomerantz LLP as Lead Counsel for the Class.

The filing deadline for this motion, and those by any competing movants from among the putative class members, is set by statute.  Specifically, the PSLRA requires all such motions to be filed within 60 days of the publication of the statutory notice of this lawsuit, *i.e.*, on February 2, 2026.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  As such, the Nova Scotia Plans believe that §V.c. of the Magistrate Judge's Individual Practices, regarding premotion conferences, does not apply, because: (a) Individual Practices §V.f. exempts instances where a statute, here the PSLRA, specifies a specific time period for filing a motion, where failure to comply could result in forfeiture of a substantive right; (b) §V.c. itself similarly exempts other motions that are required to be filed at a set time under applicable procedural rules; (c) the Nova Scotia Plans were not a party to this proceeding prior to the filing of this motion; and (d) the Nova Scotia Plans cannot know the identit(ies) of any competing movants before the statutory filing deadline expires.

Dated: February 2, 2026

Respectfully submitted,

POMERANTZ LLP

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
mltuccillo@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movants the Nova Scotia
Public Service Superannuation Plan and the Nova
Scotia Teachers' Pension Plan and Proposed Lead
Counsel for the Class*

2